## T. A. BERRYMAN v. WILLIS BRUMBACK & WALKER.

**Chattel Mortgages—Presumption.**

> Debts, to secure which a lien has been taken upon other property, can not be presumed to be without a prior mortgage to secure merchandise sold and to be sold.

### APPEAL FROM OWEN CIRCUIT COURT.

December 15, 1873.

OPINION BY JUDGE LINDSAY:

The five hundred dollar note described in the mortgage of Sept. 6, 1870, was not produced, and there is no evidence tending to show that any such note was ever in existence. Except for the statements in appellant's petition that this mortgage was executed to secure Walker for goods and merchandise sold and to be sold to Brumback, there would be nothing in the record from which we could conclude that there was any consideration whatever for its execution. The debt of Brumback for $150, secured by the mortgage of Jan. 3, 1871, and the debt of Delaney for $50, secured by mortgage of the same date, are clearly not embraced by the mortgage of Sept. 6, 1870. It is not so alleged in appellees' pleadings; and the fact that a lien was taken upon other property to secure these debts, rebuts any presumption that it was intended by the parties that the tobacco, embraced in the mortgage of Sept. 6, should also be held bound for the payment of these debts.

The most that Walker can claim is a prior lien upon the tobacco for the goods sold to Brumback before the levy of appellant's attachment. After the amount of his account up to the levy of the attachment, and the costs of the proceedings are paid, the remainder of the four hundred dollars for which the tobacco sold, should be paid to appellant. Judgment reversed and cause remanded for a judgment conformable to this opinion.

*Landrum*, for appellant.

*Berryman, Drane*, for appellees.